ACCEPTED
06-14-00130-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/14/2015 4:24:06 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00130-CR

_____

IN THE COURT OF APPEALS

SIXTH DISTRICT

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/14/2015 4:24:06 PM

DEBBIE AUTREY
Clerk

_____

ALVIN PETER HENRY, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

APPEAL IN CAUSE NUMBER 25589

IN THE DISTRICT COURT

SIXTH JUDICIAL DISTRICT

OF LAMAR COUNTY, TEXAS

_____

APPELLANT'S MOTION FOR REHEARING

_____

Gary L. Waite
State Bar No. 20667500
104 Lamar Ave.
Paris, Texas 75460
Telephone (903) 785 - 0096
Fax: (903) 785 - 0097
ATTORNEY FOR THE APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

GROUND ONE

This Court erred in it's holding that the Trial Cout did not abuse it's discretion in denying Appellant his right  to put on evidence of diminished capacity at the guilt/innocence phase of the trial.

GROUND TWO

This Court erred in it's holding that the  trial court did not err in failing to give Appellant's requested jury charge on diminished capacity.

ARGUMENT AND AUTHORITY UNDER GROUNDS
ONE AND TWO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-5

GROUND THREE

 This Court erred in finding that the evidence is  sufficient to prove that appellant was one and the same person who had been convicted in a prior offense relied upon by the State for enhancement of punishment.

GROUND FOUR

This Court erred in finding that the evidence is  sufficient to prove that appellant was one and the same person who had been convicted in  prior offenses relied upon by the State as extraneous offenses.

ARGUMENT AND AUTHORITY UNDER GROUNDS
THREE AND FOUR. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6-8

 CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INDEX OF AUTHORITIES

<u>CASES</u>

*Dugar v. State*, ____S.W.3d ____(Tex. App. Houston [14[th] Dist] 2015)
(2015 WL 1632690). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jackson v. State*, 160 S.W.3d 568 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . .4

*Krajcovic v. State*, 393 S.W.3d 282 (Tex.Crim. App 2013). . . . . . . . . . . . . . . . .4-5

*Mays v. State*, 318 S.W.3d 368 (Tex Crim App. 2010). . . . . . . . . . . . . . . . . . . . . . 3

*Prihada v. State*, 352 S.W.3d 796 (Tex. App.–San Antonio 2011). . . . . . . . . . . . .7

*Reyes v. State* 394 S.W.3d, 809(Tex. App.–Amarillo 2013). . . . . . . . . . . . . . . . . 7

*Ruffin v. State*, 270 S.W.3d 586 (Tex Crim App. 2008). . . . . . . . . . . . . . . . . . . 3, 4

*Shaw v. State*, 243 S.W.3d 647 (Tex Crim. App. 2007). . . . . . . . . . . . . . . . . . . . .5

*Smith v. State*, 314 S.W.3d 576 (Tex. App.–Texarkana 2010, no pet). . . . . . . . . . .3

## NO. 06-14-00130-CR

| STATE OF TEXAS | § | IN THE |
|---|---|---|
| | § | |
| VS. | § | SIXTH COURT |
| | § | |
| ALVIN PETER HENRY, JR. | § | OF APPEALS |
| | § | |

## APPELLANT'S MOTION FOR REHEARING

**TO THE HONORABLE JUDGES OF SAID COURT:**

Now comes Alvin Peter Henry, Jr., appellant in the above styled and numbered cause, and moves the Court to grant his Motion for Rehearing it's Opinion and Judgment affirming Appellant's conviction dated April 16, 2015, and for good cause shows the following:

## ISSUES PRESENTED FOR REHEARING

**GROUND ONE**

This Court erred in it's holding that the Trial Cout did not abuse it's discretion in denying Appellant his right to put on evidence of diminished capacity at the guilt/innocence phase of the trial.

**GROUND TWO**

This Court erred in it's holding that the trial court did not err in failing to give Appellant's requested jury charge on diminished capacity.

**GROUND THREE**

This Court erred in finding that the evidence is sufficient to prove that appellant was one and the same person who had been convicted in a prior offense relied upon by the State for enhancement of punishment.

**GROUND FOUR**

This Court erred in finding that the evidence is sufficient to prove that appellant was one and the same person who had been convicted in prior offenses relied upon by the State as extraneous offenses.

**ARGUMENT AND AUTHORITIES UNDER GROUNDS ONE AND TWO**

**GROUND ONE (Restated)**

This Court erred in it's holding that the Trial Cout did not abuse it's discretion in denying Appellant his right to put on evidence of diminished capacity at the guilt/innocence phase of the trial.

**GROUND TWO (Restated)**

This Court erred in it's holding that the trial court did not err in failing to give Appellant's requested jury charge on diminished capacity.

Texas does not recognize diminished capacity as an affirmative defense. *Smith v. State*, 314 S.W.3d 576, 590 (Tex. App.–Texarkana 2010, no pet) ( citing *Ruffin v. State*, 270 S.W.3d 586 (Tex Cr. App. 2008) ). If evidence of a defendant's mental illness does not directly rebut a defendant's mens rea, a trial court is not required to give it. *Mays v. State*, 318 S.W.3d 368 (Tex Crim App. 2010) Appellant did put on evidence to rebut mens rea. In so doing, he was entitled to have the jury consider his evidence.

In this case the testimony of the psychologist was that Appellant was unable to read, write, complete simple mathematics problems, identify his parents occupations, or recite his birth date. Coupled with this was the statement that he had told the psychologist that he was "psycho," that he heard voices which urged him to kill himself, and that he usually took antipsychotic medication, which he stopped taking prior to the offense. The psychologist testified that Appellant had the mental capacity of a teenager, while his cousin Dwayne Coleman testified that he had the mental capacity of an 8 to 10 year old . There is testimony from Appellant that he was not aware that the people chasing him were police officers. This Court, presumably based on this testimony of the psychologist, Appellant's cousin, and Appellant, finds that the evidence established that Appellant had diminished capacity. But then, despite this finding, the Court goes on to find that

3

the Appellant had the ability to make independent decisions, "albeit, . . . poor ones."

This case is squarely on point with *Ruffin v. State* 270 S.W. 3d 586, 593 (Tex. Crim. App. 2008). The Appellant did not have the required state of mind at the time of the offense. "As with the other elements of of the offense, relevant evidence may be presented *which the jury may consider* to negate the mens rea element[,] . . . includ[ing] evidence of a defendant's history of mental illness," provided that the evidence is admissible under the Texas Rules of Evidence (emphasis added) (Slip Op. P. 6) (quoting *Jackson v. State*, 160 S.W. 3d 568, 574-75 ((Tex. Crim. App. 2005)). Evidence of whether Appellant suffers from diminished capacity sufficient to determine that Appellant does not have culpable mens rea is a fact issue to be determined by the jury. The finding by the trial court that the evidence of diminished capacity should not be allowed because it could be confusing to the jury could be made about any defensive evidence presented in any case.

If appellant had been allowed to put forth his defense, he would have been entitled to a jury charge on the issue of diminished capacity (See *Dugar v. State*, ____S.W.3d ____(Tex. App. Houston [14ᵗʰ Dist] 2015) (2015 WL 1632690) The trial court must give a requested instruction on every defensive issue that is raised

4

by the evidence. *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex.Crim. App 2013). A defensive issue is raised by the evidence if there is some evidence, regardless of the source, on each element of a defense that, if believed by the jury, would support a rational inference that the element is true. See *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex Crim. App. 2007). In *Shaw*, the Court, explains that a jury charge is given when a defense is supported by(or raised) if there is evidence in the record making a prima facie case for the defense. " A prima facie case is that "minimum quantum of evidence necessary to support a rational inference that an allegation of fact is true (citation omitted)." A defendant bears the burden of production with respect to a defense. But of course a "burden of production" is nothing more than making a prima facie case. Once presented, a defendant is entitled to his requested jury charge on the defense.

**GROUND THREE (Restated)**

This Court erred in finding that the evidence is sufficient to prove that appellant was one and the same person who had been convicted in a prior offense relied upon by the State for enhancement of punishment.

**GROUND FOUR (Restated)**

This Court erred in finding that the evidence is sufficient to prove that appellant was one and the same person who had been convicted in prior offenses relied upon by the State as extraneous offenses.

**ARGUMENT**

This Court's opinion states that during the punishment phase, Henry "admitted that he was **convicted of** and went to prison for (1) aggravated assault of a police officer and (2) aggravated robbery." (Emphasis added)(Slip Op. P. 11). The undersigned attorney has looked through the testimony of appellant, and has not found that he admitted being "convicted of" these offenses. He was never asked about convictions, only whether he had been to or went to prison for certain offenses. He readily admitted he had been to prison several times. [1]There is a distinction between being convicted of an offense and having been to prison for an offense. Likewise, Coleman's testimony was that Henry had spent a vast majority

---

[1]

Appellant admitted that he had pleaded guilty to four different assaults, but never was he asked specifically about the offenses used for enhancement. (RR, Vol. 4, p. 111, ll 13-14)

6

of his life in prison, and that he was imprisoned in 1989 for aggravated assault and again in 2002 for aggravated robbery, not whether he had been convicted. (Slip Op. P. 11);  RR, vol 4, p. 109, l 23-p. 110, p. 17).   Coupled with appellant's plea of "Not True," it was incumbent upon the state to prove that appellant had been convicted of these offenses, not merely incarcerated for them.  Appellant's legal name is Alvin Peter Henry, Jr.  None of the Judgments, including the ones   used for enhancement, identify Alvin Peter Henry named therein as the same person on trial in this case.

Also, the state argued in closing, and the Court adopts, in it's opinion the proposition that appellant has stipulated to his prior convictions.  Appellant's attorney stipulated to the prior convictions, although it is not clear that he stipulated that he was the same person who was convicted, only that the judgments and sentences were valid certified copies.  When appellant later entered a plea of "Not True," it became  incumbent upon the state to prove that the person on trial is the same person convicted and sentenced in each of the prior convictions. Appellant relies upon the authorities presented in it's brief;  *Reyes v. State* 394 S.W.3d, 809, ,810-812(Tex. App.–Amarillo 2013), and *Prihada v. State*, 352 S.W.3d 796, 807 (Tex. App.–San Antonio 2011).

Based on the foregoing argument and authorities, appellant requests the

Court reconsider it's judgment in this case, grant Appellant's Motion for Rehearing, reverse and remand this case for a new punishment hearing.

## CONCLUSION AND PRAYER

Based on the foregoing argument and authority, this case should be reversed and remanded for a new trial, or alternatively, remanded for a new punishment hearing.

Gary L. Waite
104 Lamar Ave.
Paris, Texas 75460
(903) 785-0096
(903) 785-0097

By: /s/Gary L. Waite
Gary L. Waite
State Bar No. 20667500
garywaite@sbcglobal.net
Attorney for Alvin Peter Henry, Jr.

8

**CERTIFICATE OF SERVICE**

This is to certify that on May 14, 2015, a true and correct copy of the above and foregoing document was served on the County Attorney's Office, Lamar County, 119 N. Main, Paris, Texas 75460, by personal delivery.


/s/ Gary L. Waite
Gary L. Waite

9