NO. 07-12-00105-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 28, 2013

_____

JOSE ANGEL REYES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A18888-1108; HONORABLE ROBERT W. KINKAID JR., JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant Jose Angel Reyes appeals from his conviction of the offense of driving while intoxicated, third offense or more and enhanced,[1] and the resulting sentence of fifty years of imprisonment. Through one issue, appellant contends the evidence is insufficient to support his conviction. We will sustain appellant's issue and modify the judgment of conviction to reflect a conviction for Class A misdemeanor DWI. As modified, we will affirm the finding of guilt, reverse the portion of the judgment imposing sentence, and remand the cause to the trial court for a new punishment hearing.

---

[1] Tex. Penal Code Ann. §§ 49.04; 49.09; 12.42(d) (West 2012).

Background

Appellant was charged via indictment with driving while intoxicated, third offense or more. The indictment also contained enhancement paragraphs describing two additional final convictions for driving while intoxicated. Appellant plead not guilty to the charged offense and entered a plea of "not true" to the enhancement paragraphs. Appellant was tried by jury in February 2012.

The State presented evidence to show appellant, driving a red Camaro, was stopped by a Plainview police officer in the early morning hours of June 18, 2011. When he made contact with appellant, the officer saw appellant fumbling with his wallet. Appellant appeared to be lethargic and had glassy blood-shot eyes. When appellant got out of the car, the officer smelled alcohol on appellant's breath and noted his speech was slurred. The officer arrested appellant for driving while intoxicated and took him to a local hospital for a blood draw. The results of the test indicated appellant had a blood alcohol concentration of 0.26 grams of alcohol per 100 milliliters of blood.

The State also presented during the guilt/innocence phase of trial, without objection, two judgments. The first was a 1991 judgment revoking probation in Cause No. 9004-B10501-CR, in the 242nd District Court of Hale County, and was styled *State of Texas v. Jose Angel Reyes.*[2] The second was a 1989 judgment of conviction in Cause No. 89-08-B-10,331-CR, in the 242nd District Court of Hale County, also styled *State of Texas v. Jose Angel Reyes.*

---

[2] The 1991 judgment revoking probation was offered to prove appellant was convicted of DWI in June 1990 for an offense committed April 8 of that year.

The jury found appellant guilty as charged in the indictment, found the two enhancement paragraphs to be "true" and assessed punishment as noted. Appellant timely filed notice of appeal.

Analysis

Through one issue, appellant argues the evidence was insufficient to support his conviction because the State failed to prove that the Jose Angel Reyes convicted in 1989 of driving while intoxicated in Cause No. 89-08-B-10,331-CR (State's Exhibit 3) was the same Jose Angel Reyes charged and convicted in the current case or the same Jose Angel Reyes whose probation was revoked in 1991 in Cause No. 9004-B10501-CR (State's Exhibit 2).

During the guilt/innocence phase of trial, the State presented the testimony of its investigator. He testified he took appellant's fingerprints on a fingerprint card. The card was admitted into evidence without objection. The investigator then testified the 1991 judgment revoking probation, State's Exhibit 2, contained fingerprints made, in his opinion, by appellant. The 1989 judgment, State's Exhibit 3, however, did not contain fingerprints. The investigator expressed no opinion concerning whether appellant was the person convicted in 1989.

We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893 (Tex.Crim.App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007).

3

A person may be charged with felony DWI if he has two previous convictions for DWI. Tex. Penal Code Ann. § 49.09(b)(2) (West 2012). The two prior DWI convictions are elements of the offense of felony DWI. *Martin v. State*, 200 S.W.3d 635, 640-41 (Tex.Crim.App. 2006). Evidence that a defendant has been convicted of a prior offense must establish beyond a reasonable doubt that (1) the prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State,* 220 S.W.3d 919, 922 (Tex.Crim.App. 2007). The State may prove a prior conviction in a number of different ways. *Id.* at 921-23. The State is not required to produce a specific document or specific proof because "[t]here is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Flowers,* 220 S.W.3d at 921-23. *See also Jobe v. State,* No. 09-11-00024-CR, 2012 Tex.App. LEXIS 8478 (Tex.App.—Beaumont Oct. 10, 2012, no pet.) (mem. op., not designated for publication) (noting same). Whatever form the State's proof takes, however, it must be sufficient to prove the defendant's prior conviction beyond a reasonable doubt. *Flowers*, 220 S.W.3d at 923.

The evidence linking appellant with the 1989 conviction is limited to the information contained on the face of the judgment. Compared with the 1991 judgment, the judgment shows a defendant with the same full name as appellant, represented by the same attorney, convicted in the same county for an offense committed June 11, 1989. The 1989 judgment states the offense as "DWI second offense," while the 1991 judgment, showing an offense date of April 8, 1990, reflects a conviction for "DWI3." Because the judgments contain the same name and reflect a third DWI offense in April 1990 following a second such offense in June 1989 in the same county, the defendants

4

are probably the same person. But, as this court has said in a similar case, for proof beyond a reasonable doubt "probably is not good enough." *Young v. State*, No. 07-99-0238-CR, 2000 Tex.App. Lexis 2408 (Tex.App.—Amarillo April 12, 2000, no pet.) (mem. op., not designated for publication); *Cook v. State,* No. 03-03-00027-CR, 2004 Tex.App. LEXIS 2037, at *4-7 (Tex.App.—Austin March 4, 2004, no pet.) (mem. op., not designated for publication) (similar analysis); *see Jobe,* No. 09-11-00024-CR, 2012 Tex.App. LEXIS 8478, at *4 (discussing means of proof showing defendant was same person previously convicted). *See also Littles v. State,* 726 S.W.2d 26, 28 (Tex.Crim.App. 1984); *Zimmer v. State,* 989 S.W.2d 48, 50 (Tex.App.—San Antonio 1998, pet. ref'd) (also noting acceptable means of proof). The evidence presented at the guilt/innocence stage of trial was insufficient to allow a rational trier of fact to find, beyond a reasonable doubt, that appellant is the same individual who was the subject of the 1989 judgment, State's Exhibit 3. The State proved one prior DWI conviction but not two.

In response to appellant's contention there was no independent evidence identifying him as the person convicted in 1989, the State insists it presented sufficient evidence linking him with that conviction. The evidence to which the State points was presented during the punishment stage of the jury trial. The State's brief, in fact, draws no distinction at all between the evidence it presented during the guilt/innocence phase of trial and that presented on the issue of punishment.

Because the prior convictions are elements of the offense of felony DWI, the State's evidence of the convictions must be introduced during the guilt/innocence phase

of a trial that is bifurcated into a guilt/innocence phase and a punishment phase. *Calton v. State*, 176 S.W.3d 231, 236 (Tex.Crim.App. 2005) (discussing similar requirements with regard to evading arrest offense); *see Zimmer,* 989 S.W.2d at 50 (applying *Jackson v. Virginia* standard to proof of prior convictions). The State is correct that evidence admitted during the punishment phase of trial demonstrates that appellant was the same person as the person convicted of the DWI offense in Exhibit 3,[3] but we cannot consider that evidence in our evidentiary sufficiency review. *See Calton,* 176 S.W.3d at 234 ("[t]o sustain a conviction, all the elements of the offense must be proved at guilt").

Misdemeanor DWI is a lesser-included offense of felony DWI. Tex. Code Crim. Proc. Ann. art. 37.09 (West 2012); Tex. Penal Code Ann. § 49.04 (West 2012); *Mosqueda v. State,* 936 S.W.2d 714, 717 (Tex.App.—Fort Worth 1996, no pet.). When the evidence is sufficient to prove a lesser-included offense but not the alleged felony offense, we may modify the trial court's judgment to show a conviction for the lesser-included offense. *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim App. 1993). Under the recent opinion in *Bowen v. State,* 374 S.W.3d 427, 432 (Tex.Crim.App. 2012), we

---

[3] Indeed, appellant testified during the punishment phase and admitted that all the convictions introduced into evidence were his. We have reviewed the potential application of the "*DeGarmo* doctrine" to appellant's evidentiary sufficiency challenge. This court has read *LeDay v. State*, 983 S.W.2d 713 (Tex.Crim.App. 1998), as holding that a challenge to the sufficiency of evidence supporting conviction is not precluded by the defendant's testimony on punishment confessing to the elements of the offense. *Thomas v. State*, No. 07-99-0035-CR, 2003 Tex.App. Lexis 351 (Tex.App.—Amarillo January 15, 2003, no pet.) (mem. op., not designated for publication). *See also Jacobson v. State*, 343 S.W.3d 895, 897-98 (Tex.App.—Amarillo 2011, pet. granted) (also addressing *LeDay*); *Newsome v. State*, 235 S.W.3d 341, 344 (Tex.App.—Fort Worth 2007, no pet.) (also holding sufficiency challenge not barred by *DeGarmo* doctrine). We will apply that holding in this case.

may do so even when the lesser-included offense was not submitted to the jury. We therefore modify the judgment of conviction to reflect a conviction for Class A misdemeanor DWI, and, as modified, affirm the finding of guilt. We reverse the portion of the judgment imposing sentence and remand the cause to the trial court for a new punishment hearing.


                                        James T. Campbell
                                        Justice


Publish.

7