Joseph Leo STREHL, III, Appellant

v.

The STATE of Texas, Appellee

No. 06–15–00117–CR

Court of Appeals of Texas,
Texarkana.

Submitted December 23, 2015

Decided February 5, 2016

Jeffrey D. Sanders, Ellis and Sanders, PLLC, Tyler, TX, for appellant

Modesto E. Rosales, Assistant District Attorney, Michael E. Jimerson, Rusk County District/County Attorney, Henderson, TX, for appellee

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Chief Justice Morriss

Joseph Leo Strehl, III, was convicted by a jury of driving while intoxicated (DWI), third or more, and was sentenced to eighteen years' imprisonment. On appeal, Strehl argues that the trial court erred in overruling his motion to suppress evidence obtained as a result of a traffic stop and that the evidence is insufficient to establish that he was twice previously convicted of DWI, as alleged in the State's indictment and as required to establish felony DWI.[1] We conclude that, although (1) Strehl failed to preserve his suppression issue for our review, (2) legally insufficient evidence links Strehl to the second jurisdictional prior offense. Therefore, we remand this case to the trial court to modify the judgment to reflect a conviction for a class A

---

[1]. Although DWI is a class B misdemeanor, the offense becomes a third degree felony when the State proves jurisdictional priors establishing that "the person has previously been convicted ... two times of any other offense relating to the operating of a motor vehicle while intoxicated." TEX. PENAL CODE ANN. §§ 49.04(b), 49.09(b) (West Supp.2015).

misdemeanor DWI and to conduct a new punishment trial.

### (1) Strehl Failed to Preserve His Suppression Issue for Our Review

Strehl argues that the trial court erred in overruling his motion to suppress evidence obtained as a result of a traffic stop. As a threshold issue, we must determine whether Strehl has preserved this complaint for appellate review. "To preserve error, the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it." *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex.Crim.App.2004); *see* TEX.R.APP. P. 33.1(a); TEX.R. EVID. 103.

Here, while Strehl filed a motion to suppress, he failed to obtain a hearing on his motion and did not request a pretrial ruling from the trial court. At trial, the jury heard testimony from two key witnesses before Strehl brought the motion to suppress to the trial court's attention. The first key witness was Scott Lake. Lake testified that he called 9-1-1 when he witnessed Strehl, who smelled of alcohol, drive off in an eighteen wheeler after asking a gas station clerk for directions. The jury also heard that Josiah Napoleon Lemelin, an officer with the Henderson Police Department, responded to the 9-1-1 call, spotted Strehl weaving within his lane, and stopped him based on his suspicion that Strehl was driving while intoxicated. Lemelin testified that Strehl exited the vehicle, was unsteady on his feet, smelled of alcohol, and had bloodshot eyes. Lemelin detailed his administration of field sobriety tests, which Strehl failed. According to Lemelin, Strehl admitted to ingesting alcohol. Lemelin, concluding that Strehl was intoxicated, placed him under arrest. When the State sought to introduce the video of Lemelin's entire encounter with Strehl, Strehl affirmatively stated that he had no objection to the video. The

video confirmed Lemelin's testimony regarding Stehl's intoxication.

Only after the jury heard Lake's and Lemelin's testimony and saw the video of the arrest, Strehl obtained a ruling denying his motion to suppress. Although a ruling was secured at that time, it was untimely. Requiring a timely and specific objection is intended to afford the trial court the information and time to make its ruling and to afford opposing counsel an opportunity to deal with the objection or to provide alternate evidence. *Garza*, 126 S.W.3d at 82; *see Resendez v. State*, 306 S.W.3d 308, 312 (Tex.Crim.App.2009). Giving the trial court a chance to rule on an objection lets it decide whether the evidence is admissible. *Garza*, 126 S.W.3d at 82. Thus, to be timely, a motion to suppress must be presented before the evidence or testimony is admitted. *Weeks v. State*, 396 S.W.3d 737, 740 (Tex.App.–Beaumont 2013, pet. ref'd) (citing *Stults v. State*, 23 S.W.3d 198, 205–06 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd)); *see Nelson v. State*, 626 S.W.2d 535, 535–56 (Tex.Crim.App. [Panel Op.] 1981) (where written motions to suppress "lay dormant" without hearing or decision, oral suppression motion made after evidence admitted was untimely and did not preserve error). If the jury hears the evidence before the trial court rules on the motion to suppress, the motion is forfeited. *Weeks*, 396 S.W.3d at 741.

Strehl failed to present, and obtain a ruling on, the motion to suppress in a timely manner. Strehl, thereby, failed to preserve his motion by waiting to urge it until after the jury heard and saw the allegedly objectionable evidence. Because Strehl failed to preserve this issue for our review, we overrule it.

### (2) Legally Insufficient Evidence Links Strehl to the Second Jurisdictional Prior Offense

■ Strehl's other issue is considerably more challenging. Of the two alleged jurisdictional prior DWIs, the State well proved the link between Strehl and the 1993 offense, but provided scant evidence linking him to the 2006 offense.

■ "In a felony DWI case, the State must prove, in addition to the ... elements of that primary offense, that the accused has twice previously, and sequentially, been convicted of DWI." *Reese v. State*, 273 S.W.3d 344, 346–47 (Tex.App.–Texarkana 2008, no pet.); *see* TEX. PENAL CODE ANN. § 49.09(b)(2); *Flowers v. State*, 220 S.W.3d 919, 921 (Tex.Crim.App.2007); *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim.App.1986).

The indictment alleged, and the State was required to prove, the following jurisdictional priors: (1) that Strehl was previously convicted of DWI March 17, 1993, in cause number M93–011485 in the County Court at Law No. 2 of Johnson County, Texas, and (2) that Strehl was previously convicted of DWI February 27, 2006,[2] in cause number F35365 in the 18th Judicial District Court of Johnson County, Texas.[3]

To prove the 1993 offense, the State introduced: (1) a plea of guilty or nolo contendere, which contained Strehl's thumbprint, (2) a certified copy of a judgment convicting "Joseph Leo Strehl, III," of DWI and placing him on community supervision, (3) several documents signed by Strehl in that cause, and (4) a judgment revoking Strehl's community supervision and sentencing him to two years' confinement. The jury heard testimony from fingerprint expert, William Brown, that Strehl's fingerprint matched the fingerprint affixed on the plea papers and the

judgment of revocation. Strehl does not argue that the evidence is insufficient to prove this first jurisdictional prior.

The problem, however, is the scant proof linking Strehl to the 2006 offense. Attempting to link Strehl to this offense, the State introduced only a certified copy of a 2006 judgment convicting Joseph Leo Strehl, III, of DWI. This judgment contained no fingerprint, photograph, signature, or other information establishing that the person convicted in cause number F35365 was Strehl. Further, this record contains no testimony establishing that Strehl was the same person that was convicted in cause number F35365.

Strehl contends that the evidence pertaining to the second prior conviction is legally insufficient to show that he was the same person who was convicted in that case. The State counters that Strehl's name is unique, that the name appears on both judgments convicting a Joseph Leo Strehl, III, that both convictions were of the same offense, and that both convictions were for offenses committed in Johnson County.

■ The determination of whether sufficient evidence links the defendant to the prior conviction is made on a case-by-case basis. *Human v. State*, 749 S.W.2d 832, 835–36 (Tex.Crim.App.1988). "No specific document or mode of proof is required to prove" the link. *Flowers*, 220 S.W.3d at 921; *see Smith v. State*, 401 S.W.3d 915, 920 (Tex.App.–Texarkana 2013, pet. ref'd). The State is entitled to use circumstantial evidence to prove the defendant is the same person named in the alleged prior convictions, and proof may be

---

**2.** The correct date of the judgment was February 20, 2002.

**3.** For enhancement purposes, the State also alleged that Strehl was previously convicted

of DWI on February 19, 2001, in cause number 30670 in the 18th Judicial District Court of Johnson County, Texas.

made "in a number of different ways." *Flowers*, 220 S.W.3d at 921; *Human*, 749 S.W.2d at 835–36, 839. For example, the State can meet its burden by introducing multiple documents that, when read together, contain "sufficient information to establish both the existence of the prior conviction and the defendant's identity as the person convicted." *Flowers*, 220 S.W.3d at 921–22.

■ Our legal system largely leaves to the fact–finder the determination of whether Strehl was the person convicted of the prior felony offenses. *See id.* at 923. In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim.App.2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *see Human*, 749 S.W.2d at 834. We examine the legal sufficiency of the evidence under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App.2007) (citing *Jackson*, 443 U.S. at 318–19, 99 S.Ct. 2781); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007).

In order for a rational jury to find that Strehl was, beyond a reasonable doubt, the person convicted in the second jurisdictional prior, it was "incumbent on the State to go forward and show by independent evidence that the defendant [wa]s the person so previously convicted." *Beck v. State*, 719 S.W.2d 205, 210 (Tex.Crim.App.1986).

■ Evidence that the defendant merely has the same name as the person previously convicted is not sufficient to satisfy the prosecution's burden. *See id.* (certified copied of judgment and sentence "not normally sufficient standing alone to prove the prior convictions"); *see Littles v. State*, 726 S.W.2d 26, 28 (Tex.Crim.App. 1984). Even having two prior convictions for the same offense committed in the same county is legally insufficient, standing alone, to prove beyond a reasonable doubt that Strehl was the person convicted of DWI in cause number F35365. *See Reyes v. State*, 394 S.W.3d 809, 810 (Tex. App.–Amarillo 2013, no pet.) (evidence insufficient to link defendant to second jurisdictional prior where (a) first jurisdictional prior was fully proved, (b) judgment in second jurisdictional prior contained same full name of defendant, (c) judgments in both cases reflected convictions of DWI in same county, and (d) both judgments demonstrated that same attorney represented person convicted in those cases); *Prihoda v. State*, 352 S.W.3d 796, 807–10 (Tex. App.–San Antonio 2011, pet. ref'd) (good discussion of pertinent caselaw); *Cruz v. State*, 346 S.W.3d 601, 602–03 (Tex. App.– El Paso 2009, no pet.).[4]

We believe that, to be consistent with the above precedent, we must find the evidence insufficient, unless the facts differ enough to distinguish this case from the above cases. Here, Strehl's name is rather distinctive. We also take judicial notice

---

4. *But see Richard v. State*, No. 06–13–00068–CR, 2013 WL 6669388 (Tex.App.–Texarkana Dec. 17, 2013, pet. dism'd, untimely filed) (mem. op., not designated for publication) (punishment-enhancement evidence sufficient to link defendant to prior offense when including prior offender's name, date of birth, and county of offense). The record in the current case does not contain the date of birth of the person convicted in cause number F35365 to enable further matching to Strehl.

that Johnson County, with the county seat of Cleburne, is a relatively rural county with a relatively modest population. Finally, the conviction in cause number F35365 was referenced in Strehl's current incident report produced by the Henderson Police Department. Our conclusion, however, is that those scant differences are insufficient to distinguish the instant case from the above cases.

Even viewing the evidence in the light most favorable to the jury's finding that Strehl was linked to the conviction in cause number F35365, we find the evidence legally insufficient to prove Strehl's connection to the second jurisdictional prior. *See Beck*, 719 S.W.2d at 210; *Reyes*, 394 S.W.3d at 810.

 Given this development, we are called on to determine whether the judgment should be modified. We determine that modification is required.

[I]n deciding whether to reform the judgment to reflect a conviction for a lesser-included offense, that court must answer two questions: 1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment. But if the answers to both are yes, the court is authorized—indeed required—to avoid the "unjust" result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense.

*Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex.Crim.App.2014) (citation omitted); *see Canida v. State*, 434 S.W.3d 163, 166 (Tex.Crim.App.2014).

A DWI "is a Class A misdemeanor ... if it is shown on the trial of the offense that the person has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated." TEX. PENAL CODE ANN. § 49.09(a); *see Reyes*, 394 S.W.3d at 810. Here, in convicting Strehl of DWI third or more, the jury must have necessarily found every element necessary to convict him of class A misdemeanor DWI as set forth in Sections 49.04 and 49.09(a) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 49.04(b), 49.09(b). The first step of the *Thornton* test is met. As for the second step, we find that (1) legally sufficient evidence supports a DWI conviction based on Lake and Lemelin's testimony, as well as the video of the traffic stop, and (2) as explained above, the evidence was legally sufficient to prove that Strehl was previously convicted of DWI in cause number M93–011485.[5] Accordingly, as the second *Thornton* step is also met, we must modify the judgment to reflect a conviction of the lesser offense.

In accordance with the procedures mandated by *Thornton* and *Canida*, we modify the judgment to reflect a conviction for class A misdemeanor DWI, affirm the conviction as modified, reverse the punishment, and remand this case to the trial court to conduct a new punishment hearing. *See Thornton*, 425 S.W.3d at 307; *Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim.App.2012).

---

**5.** Strehl does not argue that the evidence is legally insufficient to support either a conviction of DWI or the first jurisdictional prior.