

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00655-CR

Matthew Jamal **JACKSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR0148
Honorable Ron Rangel, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 6, 2016

AFFIRMED

Matthew Jamal Jackson appeals his conviction for aggravated robbery. He argues (1) he was denied a speedy trial; (2) the trial court erred by denying his motion to suppress; and (3) the trial court erred by admitting testimony regarding a police officer's use of a cell phone application. We affirm the trial court's judgment.

### PROCEDURAL BACKGROUND

Jackson was indicted for aggravated robbery. Jackson pled not guilty, and upon Jackson's application, the trial court appointed Jackson counsel. While he was represented by appointed

counsel, Jackson filed numerous *pro se* motions, including a motion to suppress, motions to set the case for trial, motions to dismiss with prejudice for the State's failure to prosecute, and motions for a speedy trial. The case proceeded to a trial by jury, which convicted Jackson of aggravated robbery and sentenced him to seven years' confinement. Jackson appeals.

### SPEEDY TRIAL

Jackson argues he "was denied a speedy trial." The record contains numerous motions for a speedy trial, all filed by Jackson after he was appointed counsel. Counsel did not file or present a motion for speedy trial to the trial court, and the trial court did not consider or rule on any of Jackson's pro se motions for a speedy trial. Because a defendant has no right to hybrid representation, "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). As a result, "a trial court's decision *not* to rule on a *pro se* motion" is not "subject to review." *Id.* Accordingly, Jackson's first issue is overruled.

### MOTION TO SUPPRESS

Jackson argues the trial court erred by denying his motion to suppress evidence obtained after his arrest because he was unlawfully arrested without a warrant. "[T]o be timely, a motion to suppress must be presented before the evidence or testimony is admitted." *Strehl v. State*, — S.W.3d —, No. 06-15-00117-CR, 2016 WL 489652, at *2 (Tex. App.—Texarkana Feb. 5, 2016, no pet.). "If the jury hears the evidence before the trial court rules on the motion to suppress, the motion is forfeited." *Id.*

Jackson filed a *pro se* motion to suppress and immediately before trial commenced, Jackson's counsel orally adopted the motion. The trial court granted the State's request that the motion "run with trial as those issues present themselves." The State presented eight witnesses who testified about the events leading up to and after Jackson's arrest. After the trial court excused

the State's last witness, Jackson moved to suppress evidence obtained as a result of his warrantless arrest. When Jackson sought a ruling on his motion to suppress, all of the State's witnesses' testimony had been admitted and the jury had heard all of the evidence. Thus, Jackson forfeited his motion to suppress and waived the issue for appeal. *See id.*

### OFFICER LANG'S TESTIMONY REGARDING THE CELL PHONE APPLICATION

Jackson argues the trial court erred by admitting Officer Michael Lang's testimony explaining how authorities located Jackson after he stole the victim's car and cell phone. Officer Lang testified he used a cell phone application to track the victim's cell phone and thereby tracked Jackson's location and movement. Jackson contends on appeal that the trial court erred by admitting Officer Lang's testimony because it was based on the application's coding (the "underlying program"), which is a "writing" under Texas Rule of Evidence 1002, and therefore not the best evidence of how authorities located him. At trial, however, Jackson argued Officer Lang's testimony was not the best evidence of "ownership of the phone." Jackson explained, "The testimony as to who owns the phone rests on the documents of title to the phone or . . . the memoranda bill. And therefore, the best evidence is required." Understanding Jackson's objection as arguing the cell phone itself was the best evidence, the State responded that Jackson was last in possession of the phone and made the phone unavailable. The trial court overruled the objection and "instruct[ed] the State to lay more of a foundation as to how this officer came to believe that that phone was the appropriate phone to track."

If an objection made in the trial court differs from the complaint made on appeal, the appellant generally has not preserved any error for review. *Spence v. State*, 795 S.W.2d 743, 762 (Tex. Crim. App. 1990). The Court of Criminal Appeals has recognized exceptions when the objection "is of the sort that the trial judge and opposing counsel could have clearly understood the true basis of the objection." *Id.* At trial, Jackson argued Officer Lang's testimony was not the

best evidence of who owned the cell phone. On appeal, Jackson argues Officer Lang's testimony was not the best evidence of the cell phone application's coding. Jackson's objection in the trial court differs from the complaint he makes on appeal, and the record shows the trial court and the State understood Jackson's objection pertained to testimony about who owned the cell phone, not to testimony about the cell phone application used to track Jackson's location and movement. Therefore, Jackson has not preserved error for review. *See id.*

## CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH