

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00082-CR

_____

FREDERICK L. BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 47,806-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

In a single trial, Frederick L. Brown was convicted of (1) the second-degree felony offense of family violence assault by impeding the normal breathing or blood circulation of Lori Hutzelman[1] and (2) the third-degree felony offense of family violence assault[2] against Hutzelman. Brown was sentenced to concurrent prison terms of five years and ten years, respectively. On appeal, Brown claims that (1) the trial court erred in admitting Hutzelman's out-of-court statements in violation of Brown's right of confrontation, (2) the evidence is insufficient to support a finding that he is the same person listed in a certified prior judgment for family violence assault, and (3) the trial court erred in denying his request for a mistrial. For the reasons stated below, we affirm the trial court's judgment.

## I.      Factual and Procedural Background

In June 2018, a resident of 1707 Hutchings Street in Longview called 9-1-1 to report a black male and a white female fighting outside 1704 Hutchings Street. He stated that he heard the man slap the woman and the woman screaming that she was bleeding. Patrol officers responded to the call at 1704 Hutchings and knocked on the door. Brown, who was sweeping glass from the living room floor, explained that he and his girlfriend were "just getting into it." Hutzelman was sitting on the couch and seemed scared. When interviewed by officers, Hutzelman explained that she and Brown argued and that he began to assault her. Hutzelman stated that Brown punched her in the stomach and then struck her with a broom ten times on the shoulders and upper torso area.

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b-3) (Supp.).

[2]*See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.).

According to Hutzelman, Brown then dropped the broom and grabbed her around the throat and began to choke her. Hutzelman was able to free herself from Brown when she kicked him. She stated that she then tried to leave. Hutzelman stated that, once she was outside, Brown hit her in the head and pulled her back inside the house by her hair. Hutzelman had red marks on her throat, bruising on her left arm, and a broken blood vessel in her eye.

## II. Forfeiture by Wrongdoing

When police officers responded to a neighbor's 9-1-1 call to report domestic violence, Hutzelman told officers that Brown had repeatedly struck her with a broom and that he had choked her. Although Brown objected to the officers' testimony about these statements on confrontation grounds, the trial court determined that the doctrine of forfeiture by wrongdoing applied, thus barring Brown from asserting his right of confrontation. On appeal, Brown claims this ruling was in error.

### A. Standard of Review

In reviewing the trial court's decision to admit or exclude evidence under the doctrine of forfeiture by wrongdoing, we apply an abuse of discretion standard. *Shepherd v. State*, 489 S.W.3d 559, 572 (Tex. App.—Texarkana 2016, pet. ref'd). Under this standard, we will uphold the trial court's ruling if it falls within the "zone of reasonable disagreement" and is "correct under any theory of law applicable to the case." *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Where, as here, there are no findings of fact, "we review the evidence in the light most

3

favorable to the court's ruling and assume the court made findings that are supported by the record." *Shepherd*, 489 S.W.3d at 572–73 (citing *Carmouche v. State*, 10 S.W.3d 323, 327–28 (Tex. Crim. App. 2000)). "Based on our standard of review, we have no choice but to defer to the trial court's discretion on such issues, even if we would have decided them differently," *Id*. at 573 (citing *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007)), and will uphold an evidentiary ruling if it "is correct on any theory of law applicable to that ruling," *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

**B.    Analysis**

The Sixth Amendment guarantees a criminal defendant the right to be confronted with the witnesses against him. *Giles v. California*, 554 U.S. 353, 357–58 (2008); *Gonzalez v. State*, 195 S.W.3d 114, 116 (Tex. Crim. App. 2006); *Shepherd*, 489 S.W.3d at 573. That said, "Under forfeiture by wrongdoing, the defendant is barred from asserting his right of confrontation when he has wrongfully procured the unavailability of the witness." *Shepherd*, 489 S.W.3d at 573. Under this doctrine, "there must be some showing by the proponent of the statement that the defendant intended to prevent the witness from testifying." *Id*. (citing *Giles*, 554 U.S. at 361–62). The forfeiture by wrongdoing doctrine has been codified in Article 38.49 of the Texas Code of Criminal Procedure. *See id*. at 574 ("[T]he requirements of Article 38.49 substantially correspond with the requirements for forfeiture by wrongdoing set out in *Giles*."). Article 38.49 provides:

> (a)    A party to a criminal case who wrongfully procures the unavailability of a witness or prospective witness:
>
> (1)    may not benefit from the wrongdoing by depriving the trier of fact of relevant evidence and testimony; and

4

(2)     forfeits the party's right to object to the admissibility of evidence or statements based on the unavailability of the witness as provided by this article through forfeiture by wrongdoing.

(b)     Evidence and statements related to a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of a witness or prospective witness are admissible and may be used by the offering party to make a showing of forfeiture by wrongdoing under this article, subject to Subsection (c).

(c)     In determining the admissibility of the evidence or statements described by Subsection (b), the court shall determine, out of the presence of the jury, whether forfeiture by wrongdoing occurred by a preponderance of the evidence. If practicable, the court shall make the determination under this subsection before trial using the procedures under Article 28.01 of this code and Rule 104, Texas Rules of Evidence.

TEX. CODE CRIM. PROC. ANN. art. 38.49.

In accordance with Article 38.49(c), the trial court held a hearing outside the jury's presence to determine "whether forfeiture by wrongdoing occurred by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 38.49(c).

At the Article 38.49 hearing, Hall Reavis, the chief investigator for the Gregg County District Attorney's Office, testified that he first attempted to locate Hutzelman at her last known address on Hutchings Street in Longview on April 8 to serve her with a trial subpoena for April 16. Brown answered the door, told Reavis that Hutzelman was not there, and stated that the two were no longer a couple. Brown could not state with any specificity when he last saw Hutzelman and told Reavis that he did not know where to find her but that she was from Ohio and had family there. According to Reavis, Brown was not "real cooperative." Reavis returned to the Hutchings Street residence the next day to serve the subpoena. When no one answered the door, Reavis

5

waited down the street and eventually saw Brown leave the house. Reavis again tried to serve the subpoena, but no one answered the door.

Reavis next returned to the Hutchings Street residence on the morning of April 12. Reavis had seen Brown in court that morning and believed Hutzelman was home, "[b]ased on some other information that [he] was picking up." After he knocked on the door "numerous times," a white female that he recognized as Hutzelman answered the door. When Reavis told Hutzelman that he had a subpoena for her from the district attorney's office, she slammed the door. Reavis left the subpoena in the door and told Hutzelman through the door that she had been served and that she was required to be in court on Monday.[3]

Reavis explained that he looked at Hutzelman's Facebook page when he was attempting to locate her. In doing so, he discovered that Hutzelman posted a profile picture with Brown on April 1. The photograph of Hutzelman and Brown was captioned "Together We Stand Strong." Hutzelman also posted a video recording on April 1 captioned "Me and my baby at the scrapyard" that depicted Brown and Hutzelman.[4] At the end of the hearing, the trial court took judicial notice of a prior family violence assault case against Brown in which Hutzelman was also the victim. After reviewing the evidence, the trial court determined that the State met its burden of proof by a

---

[3]Hutzelman did not appear in court in accordance with the subpoena.

[4]Although Brown did not object to Reavis' testimony about Hutzelman's Facebook photos, he did object to the photos because they were not properly authenticated. The trial court overruled Brown's objection. Brown claims this was error. Article 38.49(c) specifically provides that the hearing is to be conducted in accordance with Rule 104 of the Texas Rules of Evidence. TEX. CODE CRIM. PROC. ANN. art. 38.49(c). Rule 104(a) provides that, when "[t]he court must decide any preliminary question about whether . . . evidence is admissible[,] . . . the court is not bound by evidence rules, except those on privilege." TEX. R. EVID. 104(a); *see Gonzalez v. State*, 195 S.W.3d 114, 124 n.41 (Tex. Crim. App. 2006).

6

preponderance of the evidence under Article 38.49. The trial court therefore ruled that the State was free to introduce Hutzelman's statements to the police at trial.

Brown claims that the State did not establish, by a preponderance of the evidence, that he procured Hutzelman's unavailability to testify at trial. We disagree. A mere seven days before Reavis' first attempt to serve Hutzelman with a trial subpoena, Hutzelman's Facebook post depicted Brown and her together, standing strong. Yet, Brown told Reavis that he and Hutzelman were no longer together on April 8 and that he did not know how to locate her. Only four days later, Hutzelman answered the door of the Hutchings Street residence she evidently shared with Brown and was served with the trial subpoena.[5] This evidence indicates that Brown deceived Reavis about the status of his relationship with Hutzelman in an attempt to thwart Reavis' efforts to serve Hutzelman with the subpoena.

Along with the foregoing evidence, the trial court also considered evidence of a prior assault committed by Brown against Hutzelman. The United States Supreme Court has recognized that the doctrine of forfeiture by wrongdoing has relevance in domestic violence cases:

> Acts of domestic violence often are intended to dissuade a victim from resorting to outside help, and include conduct designed to prevent testimony to police officers or cooperation in criminal prosecutions. . . . Earlier abuse, or threats of abuse, intended to dissuade the victim from resorting to outside help would be highly relevant to this inquiry, as would evidence of ongoing criminal proceedings at which the victim would have been expected to testify.

---

[5]Brown contends that Hutzelman was not unavailable because the State did not serve her with a writ of attachment. This argument appears to be based on the Rule 804 exceptions to the rule against hearsay when the declarant is unavailable as a witness. *See* TEX. R. EVID. 804. Because the trial court acted within its discretion in admitting Hutzelman's statements to officers in accordance with Article 38.49 of the Texas Code of Criminal Procedure, we need not address this issue. *See* TEX. CODE CRIM. PROC. ANN. art. 38.49. It also does not appear in the record before us that this specific complaint was made in the trial court. *See* TEX. R. APP. P. 33.1.

*Giles*, 554 U.S. at 377; *see also Giles*, 554 U.S. at 380 (Souter, J., concurring) ("[T]he element of intention would normally be satisfied by the intent inferred on the part of the domestic abuser in the classic abusive relationship, which is meant to isolate the victim from outside help, including the aid of law enforcement and the judicial process."). The trial court acted within its discretion in admitting Hutzelman's statements to law enforcement based on Brown's actions in trying to hinder service and on the parties' prior relationship in which Hutzelman was assaulted. The trial court could infer that Hutzelman's sharply negative response to Reavis when she opened the door to him resulted from her fear of cooperating in the prosecution of the case. *See Tarley v. State*, 420 S.W.3d 204, 206 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (holding that the trial court could infer from evidence that second assault of victim was designed to keep her from testifying). We hold that the trial court acted within its discretion in finding forfeiture by wrongdoing and in admitting Hutzelman's June 25, 2018, statements to officers.

### III. Evidence of Prior Conviction Was Sufficient

Both counts of the indictment against Brown included the allegation that he had previously been convicted of an offense

> under Chapter 22, Penal Code, against a member of said Defendant's family and household and with whom the said Defendant has had a dating relationship, as described by Chapter 71, Family Code, to-wit: on the 24th day of October, 2015, in the County Court at Law #1 of Gregg County, Texas, in cause number 2014-1820.[6]

---

[6]This allegation states that Brown was previously convicted in October 2015. The prior conviction entered into evidence by the State was dated October 2014.

8

Proof of this allegation was required to increase the level of offense in count I of the indictment from a third-degree felony to a second-degree felony and to increase the level of offense in count II of the indictment from a Class A misdemeanor to a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b-3), (b)(2)(A).

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* "In proving prior convictions, identity often includes the use of a combination of identifiers, and '[e]ach case is to be judged on its own individual merits.'" *Henry v. State*, 466 S.W.3d 294, 301 (Tex. App.—Texarkana 2015), *aff'd*, 509 S.W.3d 915 (Tex. Crim. App. 2016) (quoting *Littles v. State*, 726 S.W.2d 26, 30–32 (Tex. Crim. App. 1984) (op. on reh'g)). The State is entitled to use circumstantial evidence to prove that the defendant is the same person named in the alleged prior convictions, and proof may be made "in a number of different ways." *Flowers*, 220 S.W.3d at 921. "The totality of the circumstances determines whether the State met its burden of proof." *Henry*, 466 S.W.3d at 301 (citing *Flowers*, 220 S.W.3d at 923).

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal

9

sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

At trial, the State offered, and the trial court admitted into evidence without objection, a certified copy of a judgment against "Fredrick L. Brown" for family violence assault in the County Court at Law #1 of Gregg County, Texas, in cause number 2014-1820. Brown contends that simply proving that he has the same name as the person named in the prior conviction is not sufficient to link him to the prior conviction. We agree. "Unless the defendant's name is unique, a name and signature are insufficient by themselves to link a defendant to a prior conviction." *Barnes v. State*, No. 06-19-00045-CR, 2019 WL 4686488, at *4 (Tex. App.—Texarkana Sept. 25, 2019, pet. filed) (citing *Strehl v. State*, 486 S.W.3d 110, 114 (Tex. App.—Texarkana 2016, no pet.) ("Evidence that the defendant merely has the same name as the person previously convicted is not sufficient to satisfy the prosecution's burden.")). "Even having two prior convictions for the same offense committed in the same county is legally insufficient, standing alone, to prove beyond a reasonable doubt that [the defendant]" was the subject of the prior conviction. *Strehl v. State*, 486 S.W.3d 110, 114 (Tex. App.—Texarkana 2016, no pet.).

Yet, Brown ignores other evidence that we must consider in our determination of whether the State carried its burden of proof. Officer Jonathan Wolf of the Longview Police Department testified that Brown told him—as recorded on Wolf's body camera on the night of June 25—that

10

his date of birth was "5/19/67." The State also published Wolf's body camera recording to the jury as exhibit 12 on which Brown can be heard stating to Wolf that his birth date was "5/19/67." Although the judgment in cause number 2014-1820 does not list a date of birth for Fredrick L. Brown, the fingerprint card in cause number 2014-1820 lists the defendant's date of birth as May 19, 1967. At the time of his arrest in this case, Brown lived in Longview, Gregg County, Texas. The October 2014 conviction for family violence assault emanated from the County Court at Law #1 of Gregg County, Texas.

Here, Brown is linked to the prior conviction by name, birth date, type of offense, and county of offense. The evidence shows not only that the name in the previous judgment was the same as that of the defendant, but also shows that both offenses were committed in the same county and that both offenses—committed within four years of each other—were for family violence assault. The evidence here also established that the defendant in both cases was born on May 19, 1967. Given these facts, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Brown was the same defendant convicted of family violence assault in the 2014 Gregg County judgment. *See Smith v. State*, 401 S.W.3d 915, 920 (Tex. App.—Texarkana 2013, pet. ref'd) (name, date of birth, and partial matching social security number sufficient to link defendant to prior conviction). We, therefore, overrule this point of error.

## IV.    Brown Did Not Preserve Error on His Mistrial Complaint

At the end of the guilt/innocence phase of the trial, the jury returned its verdict finding Brown guilty of both counts I and II as alleged in the indictment. After the jury returned its verdict, Brown moved for a mistrial on the basis that the jury was improperly voir dired on the wrong

11

penalty range. He claimed the panel was told the range of punishment was two to ten years.[7] The State argued that the jury did not deliberate on punishment during the guilt/innocence phase of the trial. The State also pointed out that only the State would be harmed if the jury could not consider an increased range of punishment. The trial court denied the motion for mistrial.

On appeal, Brown claims that the trial court improperly denied his motion for mistrial based on the trial court's failure to properly admonish him as to the range of punishment as required by Article 26.13(a)(1) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Supp.).[8] Because this objection was not made at trial, we may not address it on appeal. "The point of error on appeal must correspond or comport with the objection made at trial." *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998) (op. on reh'g)). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Id.*; *see* TEX. R. APP. P. 33.1. Because the trial objection was based on improper jury voir dire, Brown has not preserved for our review his complaint that the trial court did not properly admonish him in accordance with Article 26.13(a)(1) of the Texas Code of Criminal Procedure.[9]

---

[7]Brown was convicted, in accordance with count I of the indictment, of a second-degree felony, which carries a punishment range of two to twenty years' imprisonment.

[8]Brown also seems to imply by his argument that, because the State did not voir dire on an enhanced punishment range of two to twenty years in prison, Brown was unaware that he was facing up to twenty years in prison. This argument was not brought as a separate point of error and was not briefed. *See* TEX. APP. P. 33.1.

[9]We note that Article 26.13 applies when the defendant enters a plea of guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Supp.). Here, Brown's plea was not guilty.

12

## V.  Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:      November 6, 2019
Date Decided:       November 27, 2019

Do Not Publish